UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80021-CR-MARRA/HOPKINS

UNITED STATES OF AMERICA,

v.

KERRI L. KALEY and BRIAN P.
KALEY, *et al.,*

      DEFENDANTS.
_____/

OPINION AND ORDER AFFIRMING IN PART AND REVERSING IN PART ORDER OF MAGISTRATE JUDGE AND OVERRULING IN PART AND SUSTAINING IN PART OBJECTIONS TO ORDER DENYING DEFENDANTS' MOTION TO VACATE PROTECTIVE ORDER

      This matter is before the Court on the appeal and objections filed by Defendants Kerri L. Kaley and Brian P. Kaley to the order entered by Magistrate Judge James M. Hopkins that denied their motion to vacate the protective order which restrained their use of certain property and which denied their motion for an evidentiary hearing on whether the pretrial restraint of the property should remain in place pending a trial. DE 82.  The Court has considered the arguments of the parties and has conducted a *de novo* review of the record.  Upon the Court's *de novo* review of the record, it is hereby ORDERED AND ADJUDGED as follows:

**I. PROBABLE CAUSE AND A POST-RESTRAINT EVIDENTIARY HEARING:**

      The Court has conducted a *de novo* review of the Declaration[1] submitted by the United States to support a finding of probable cause that, among other things, the property subject to the protective order, namely Defendants residence and a certificate of deposit which was obtained

___
[1] DE 77 (under seal)

from an equity line of credit based upon Defendants' ownership interest in their residence,[2] constitutes property "involved in" the money laundering offense charged in the superceding indictment, and constitutes "property traceable to such property." *See* Superceding Indictment, Count 7, Criminal Forfeiture Count (DE 44); 18 U.S.C. § 982(a)(1). The Court affirms the Magistrate Judge's determination, and independently finds, that the United States has demonstrated probable cause to believe that Defendants' residence was "involved in" the money laundering offense charged in the superceding indictment, and that all but $63,007.65 of the funds used to obtain the certificate of deposit are "traceable to" the residence.

Because there exists probable cause to believe that the property in question was "involved in" money laundering activity or is "traceable to such property", the protective order has been properly entered. Defendants seek a post-restraint evidentiary hearing to challenge the propriety of the protective order and its scope. Defendants assert that the government must show, in an evidentiary hearing, the amount of proceeds from the allegedly stolen prescription medical devices that can be traced to their residence and the certificate of deposit. Because the United States is now proceeding with its forfeiture claim, in part, under 18 U.S.C. § 982(a)(1)[3], and not

---

[2] As will be discussed more fully below, the Court concludes that the record evidence supports Defendants' appeal and objection to the Magistrate Judge's order to the extent it failed to exclude from the protective order $63,007.65 of "untainted" funds which were incorporated into the certificate of deposit. Through no fault of the Magistrate Judge, the most compelling evidence supporting Defendants' position relative to these funds was not submitted to the Court until June 13, 2007, after the Magistrate Judge entered his ruling. DE 119, 120 (under seal)

[3] In imposing sentence on a person convicted of money laundering under 18 U.S.C. § 1956, the court shall order forfeiture of any property "involved in such offense, or any property traceable to such property."

solely under 18 U.S.C. § 981(a)(1)(C),[4] whether the property restrained in this case constitutes or is derived from proceeds of the allegedly stolen prescription devices is not of critical importance. So long as there is probable cause to believe that the property was used in the money laundering offense or that the property is traceable to property used in the money laundering offense, which is the case here, the restrained property is not outside the scope of the indictment. The only purpose for granting Defendants an evidentiary hearing under the present circumstances would be to permit them to challenge the underlying merits of the indictment. As the court in *United States v. Bissell,* 866 F.2d 1343, 1349 (11th Cir. 1989), stated, in a post-restraint hearing, the defendants "may not challenge the validity of the indictment itself and thus require that the government present its evidence before trial."[5]

In view of the foregoing, the Court affirms the Magistrate Judge's finding of probable cause and his conclusion that a post-restraint evidentiary hearing to determine whether the government "wrongfully restrained specific assets which are outside the scope of the indictment"

---

[4] Property "which constitutes or is derived from proceeds traceable to a violation" of certain criminal statutes is subject to forfeiture.

[5] As previously discussed, the United States has demonstrated that probable cause exists to believe that Defendants' residence was "involved in" the money laundering charge asserted in the indictment. It appears to be undisputed that with the exception of $63,007.65, the certificate of deposit is "traceable to" Defendants' residence. Hence, in the post-restraint proceedings that have taken place thus far, Defendants have had the opportunity, and have successfully demonstrated, that some of the restrained property is "outside the scope of the indictment." Other than a challenge to the validity of the indictment itself, or Defendants' assertion of the need to trace proceeds from the sale of the allegedly stolen prescription medical devices to the restrained property, which is no longer required, there is no suggestion or indication that any property other than the $63,007.65 is "outside the scope of the indictment." Hence, with the exception of the constitutional challenges made by Defendants, which will be discussed below, no legally permissible purpose would be served by having a post-restraint evidentiary hearing.

is not required. *See Bissell,* 866 F.2d at 1349. The Court reverses and sustains Defendants' objections to the Magistrate Judge's failure to release from the scope of the protective order $63,007.65 of funds which the record evidence has sufficiently demonstrated were not used in the money laundering offense charged in the superceding indictment or traceable to such property and which the record evidence has failed to show constitute or is derived from proceeds traceable to a criminal violation asserted in the superceding indictment.

## II. DEFENDANTS' SIXTH AMENDMENT CLAIM:

The Court affirms and overrules Defendants' objections to the Magistrate Judge's finding that Defendants' Sixth Amendment right to counsel of their choice has not been violated by the pretrial restraint of property which they wish to use to retain counsel. The Court also affirms the Magistrate Judge's determination that there has been no showing of prosecutorial bad faith or vindictiveness. As the Magistrate Judge noted, the court in *Bissell* stated that:

> But where, as here, no prosecutorial bad faith is evident, and the district court has made a determination of probable cause, either on its own or upon the grand jury's return of the indictment, there has been no improper denial of defendant's Sixth Amendment right to counsel of choice.

*Bissell,* 866 F.2d at 1355. This holding is precisely applicable to the present case. This Court has found probable cause to restrain Defendants' assets and there is no showing of prosecutorial bad faith or vindictiveness. The fact that the defendants in *Bissell* did not contend that the government wrongfully restrained non-forfeitable assets, and Defendants in this have made that assertion, is not material. This Court's independent determination of probable cause to believe that the restrained assets fall within the ambit of the superceding indictment's forfeiture count is

a sufficient check on the government to pass Sixth Amendment scrutiny. *Bissell,* 866 F.2d at 1354-55.

### III. DEFENDANTS' DUE PROCESS CLAIM:

Defendants contend that the failure of the Court to conduct a post-restraint evidentiary hearing to allow them to challenge the propriety of the protective order derives them of due process. Defendants assert that the Magistrate Judge erred in failing to evaluate the factors the court in *Bissell* determined were appropriate for a due process analysis. While the Magistrate Judge did not expressly analyze the factors, a rejection of Defendants' contention is implicit in his order. In any event, this Court, upon a *de novo* review of the record, concludes that Defendants' right to due process has not been violated.

In *Bissell,* the court addressed the defendants' contention that an immediate post-restraint hearing relative to the validity of a government seizure of allegedly forfeitable assets was required by due process. In evaluating the need for a hearing, the court concluded that it was necessary to weigh the four factors of (1) length of the delay in conducting a hearing; (2) the reason for the delay; (3) the defendant's assertion of his right to a hearing and (4) the prejudice to the defendant in not conducting a hearing. *Bissell,* 866 F.2d at 1352.[6]

As for the length of the delay, the *Bissell* court found eight months between the initial restraint and the trial on the merits to not be significant. *Id.* at 1353. But for the delays that have resulted from Defendants' challenge to the pre-trial restraints, this case would have been set for

---

[6] The test was adopted from the case of *Barker v. Wingo,* 407 U.S. 514, 530 (1972), which the United States Supreme Court utilized in a civil forfeiture proceeding challenging on due process grounds the delay between a seizure of currency and a civil forfeiture trial. *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) In United States Currency,* 461 U.S. 555 (1983).

trial. Even with the delays attendant to these post-restraint proceedings, this Court can try this case within the eight months the *Bissell* court found "not significant." The delay factor weighs against Defendants.[7]

As to the reason for delaying a hearing, the *Bissell* court noted Congress' concern that in criminal cases, the government not be required to prove the underlying criminal case and forfeiture counts in advance of trial in order to restrain property alleged to be forfeitable in an indictment. The *Bissell* court found these concerns justifiable reasons for delaying a hearing on the merits of the governments case until trial, "particularly in light of the government's compelling regulatory interest in preventing crime." *Id.* Contrary to Defendants' assertion, these reasons are not applicable only in cases involving racketeering and narcotics trafficking or where there is concern for the safety of witnesses. Preventing challenges to the validity of the indictment in advance of trial is a legitimate concern in all criminal cases. *See Bissell,* 866 F.2d at 1349 (at a post-restraint hearing the defendant "may not challenge the validity of the indictment itself and thus require the government to present its evidence before trial.") As discussed previously, at this juncture, the only purpose for a post-restraint evidentiary hearing would be to challenge the validity and merits of the indictment. Thus, the reason for the delay weighs in favor of the government and against Defendants.

---

[7] Defendants' counsel of choice have only entered a limited appearance in this case. Defendants are hoping these post-restraint proceedings will free-up sufficient funds to allow the entry of a permanent appearance in the case by their counsel of choice. Defendants have indicated that they will appeal this order to the Eleventh Circuit Court of Appeals, which *may* cause additional delays in getting this case to trial. While Defendants have every right to challenge the pre-trial restraints and pursue all available appellate remedies, to the extent they do so unsuccessfully, they should not be heard to complain on due process grounds about delays attributable to their actions.

The third factor to be weighed is Defendants' assertion of a right to a hearing. While Defendants have done so in this case, that fact does not end the inquiry. As the *Bissell* court noted, the purpose of a post-restraint hearing is "to determine whether legitimate assets-*those outside the scope of the indictment*-have been wrongfully restrained." *Id.* at 1353 (emphasis added). In the present case, based upon the money laundering charge and this Court's probable cause determination, the only way Defendants could demonstrate that the restrained assets, other than the $63,007.65 that is being released by this order, are outside the scope of the indictment is to challenge its validity on the merits. As has been seen previously, such a challenge cannot be made pretrial. At best, the third factor is in equipoise.

The fourth factor is prejudice to Defendants resulting from the absence of a post-restraint hearing. As the *Bissell* court noted, a wrongful deprivation of Defendants' legitimate assets will severely impair their defense, coming back full circle to Defendants' Sixth Amendment right to counsel of their choice. *Id.* at 1354. In analyzing this factor, it was recognized that the court cannot simply look to the interests of the criminal defendant. Rather, the claim and interests of the government to the property must also be considered. In view of these competing interests, the court concluded that judicial control of the process provides a "significant check on the government's power to restrain legitimate, nonindicted assets." *Id.* Hence, a district court's probable cause determination, as is present here, diminishes the prejudicial effect of the pretrial restraint. When all four factors are weighed in this case, the Court concludes that Defendants have not been denied due process by the absence of a post-restraint evidentiary hearing.

### IV. *EX POST FACTO* CHALLENGES.

The Court affirms and overrules Defendants' objections to the Magistrate Judge's

conclusion that the pretrial restraint effected in this case does not violate the *ex post facto* provision of the United States Constitution.  Moreover, even assuming that Defendants' arguments that the statutory changes in question are deemed substantive rather than procedural, it would not alter the result.   Defendants are charged with money laundering under 18 U.S.C. § 1956 and the criminal forfeiture count is based, in part, on 18 U.S.C. § 982(a)(1).  As a result, pretrial restraint was authorized through  21 U.S.C. § 853(e)(1).  *See* 18 U.S.C. § 982(b)(1); *United States v. Razmilovic,* 419 F.3d 134, 139-40 (2d Cir. 2005).  The ability to impose  pretrial restraints on  property "involved in" money laundering or property "traceable to such property" existed during the period the alleged conspiracy was in existence.  Under such circumstances, there is no *ex post facto* violation.  *United States v. Hersh,* 297 F.3d 1233, 1244-45 (11th Cir. 2002).

## V. CONCLUSION.

Based upon all of the foregoing, the Magistrate Judge's Order is affirmed in all respects, and Defendants' objections are all overruled, except that Defendants' objection to $63,007.65 being subject to the protective order, which funds have been transferred into the certificate of deposit, is sustained and the Magistrate Judge's Order is reversed in this one respect.[8] Therefore, $63,007.65 shall be released to Defendants from the protective order.  The remainder of the restrained property shall continue to be subject to the protective order pending further order

---

[8]  The Court notes that the United States agrees that the Magistrate Judge made an error in calculating the number of hours Defendants' counsel claim they need to prepare to try this case.  The Magistrate Judge neglected to include 400 hours of associate time in the equation.  In the event this error is determined to be relevant to any judicial determination, the Court acknowledges the error and the government's recognition of it.

of the Court.

Done and ordered in Chambers in West Palm Beach, Palm Beach County, Florida, this 25th day of June, 2007.

KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies to Counsel
Copy to Magistrate Judge James M. Hopkins